```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| RICHARD O. ULLMAN, :  :      Plaintiff, :  : v. :  : EXPRESS SCRIPTS, INC., :  :      Defendant. : : | CIVIL ACTION NO. 06-3065 (MLC)  **O R D E R** |

  **THE DEFENDANT**, Express Scripts, Inc. ("defendant"), moving to dismiss the complaint under Federal Rule of Civil Procedure ("Rule") 12(c) (dkt. entry no. 16); and the plaintiff, Richard O. Ullman ("plaintiff"), opposing the motion (dkt. entry no. 20) and cross-moving for summary judgment in his favor (dkt. entry nos. 20 & 34); and the defendant opposing the cross motion (dkt. entry no. 27); and

  **THE PLAINTIFF** bringing this action against defendant for breach of contract and breach of fiduciary duty arising out of defendant's actions after its purchase of all the outstanding stock in plaintiff's corporation, National Prescription Administrators, Inc. ("NPA"), and its affiliates (Compl., at ¶ 1); and plaintiff and defendant having entered into a Stock and Asset Purchase Agreement ("SAPA"), pursuant to which plaintiff agreed to indemnify and hold defendant harmless for, <u>inter</u> <u>alia</u>, "any and all claims, liabilities, obligations, losses, costs, expenses, penalties, fines and judgments (at equity or law) and

damages" asserted by third parties against defendant but arising from pre-closing conduct of NPA and its affiliates (dkt. entry no. 17, Ex. E., "Stock and Asset Purchase Agreement," at 56); and pursuant to the SAPA the parties having agreed to establish an escrow account containing $25,000,000 from the sale proceeds to secure defendant's indemnification rights (id. at ¶ 3; see dkt. entry no. 5, Ex. A, "Escrow Agreement"); and plaintiff alleging that defendant is wrongfully "preventing release of the $25,000,000 Escrow fund to [plaintiff] through the bad faith submission of meritless, defective and exaggerated indemnification claims" (Compl., at ¶ 4); and the plaintiff further alleging that defendant "has failed to account for the escrow funds and has acted to deprive [plaintiff] and his children of income earned on the escrow fund" (id. at ¶ 5); and the plaintiff bringing this action for "specific performance, injunctive relief, declaratory relief and damages resulting from breaches of contract and breach of fiduciary duty" and thus seeking "release of escrowed funds being wrongfully withheld from him and his children" (id. at ¶ 1); and

 **THE DEFENDANT** arguing it is entitled to judgment as a matter of law because "no issue of material fact remains to be resolved concerning the [plaintiff's] obligations to indemnify [defendant] with respect to the claims asserted" (Def. Br., at 20); and the plaintiff arguing in response that the facts alleged in the

complaint "provide a basis on which to terminate any obligation to indemnify and, accordingly, entitle [plaintiff] to the release of the escrowed funds" (Pl. Br., at 14-15); and

**THE COURT** only considering the complaint, answer, and transaction documents for purposes of deciding this motion on the pleadings, in accordance with Rule 12(c), see Beverly Enters., Inc. v. Trump, 182 F.3d 183, 190 n.3 (3d Cir. 1999); and the Court noting the difference between a motion pursuant to Rule 12(c) and a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is a matter of timing, and the Court must apply the same standards to a Rule 12(c) motion as would be applied to a Rule 12(b)(6) motion, Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991); and the Court further noting it may grant a motion to dismiss a complaint under Rule 12(b)(6) or 12(c) "only if, accepting all alleged facts as true, the plaintiff is not entitled to relief," Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986); and the Court, when considering such a motion, must accept as true all well-pleaded factual allegations in the complaint, and view them in the light most favorable to the plaintiff, Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004); and the Court further noting "[d]ismissal of claims [on a motion to dismiss] is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim upon which relief may be granted," <u>Jakomas v. McFalls</u>, 229 F.Supp.2d 412, 419 (W.D. Pa. 2002); and

**THE COURT** finding that assuming the truth of all facts alleged by plaintiff, plaintiff has stated claims for breach of contract and breach of fiduciary duty by alleging that defendant wrongfully prevented release of monies to plaintiff from the escrow account by bringing indemnification claims that were "defective, deficient, noncompliant, false, unjustified and exaggerated" (Compl., at ¶¶ 12-13); and the Court further finding that defendant's reliance on <u>International Playtex, Inc. v. Tridan Corp.</u>, No. 84-5794, 1988 WL 61820 (S.D.N.Y. June 6, 1988) as "directly on point and dispositive" is misplaced and ignores the fundamental difference between the standard for reviewing the motion for summary judgment in that case and the standard for reviewing the motion for judgment on the pleadings in this case (<u>see</u> Def. Br., at 21); and the Court rejecting defendant's argument that the Court can determine as a matter of law that plaintiff's complaint fails to state a claim on the ground plaintiff has a contractual duty to indemnify defendant for its losses (<u>id.</u> at 20); and

**THE COURT CONCLUDING** plaintiff has asserted facts that if true demonstrate defendant breached (1) the SAPA and escrow agreement (Compl. at ¶¶ 16-27; Ans. to counterclaim and third-party compl., at 8-9) and (2) its fiduciary duties to plaintiff

4

by submitting indemnification claims that it knew were without merit (id.); and

**THE COURT FURTHER CONCLUDING** plaintiff's cross motion for summary judgment in his favor (dkt. entry nos. 20 & 34) is premature because there is outstanding discovery that will affect the outcome of the cross motion (see dkt. entry nos. 36-38); and the Court deciding the motion and cross motion on the papers, see Fed.R.Civ.P. 78; and for good cause appearing;

**IT IS THEREFORE** on this 13th day of June, 2007 **ORDERED** that the motion to dismiss the complaint (dkt. entry no. 16) is **DENIED;** and

**IT IS FURTHER ORDERED** that the cross motion for summary judgment (dkt. entry nos. 20 & 34) is **DENIED WITHOUT PREJUDICE** and **WITH LEAVE TO MOVE TO RENEW UPON PERMISSION OF THE MAGISTRATE JUDGE.**

                                                  s/ Mary L. Cooper  
                                             **MARY L. COOPER**  
                                             United States District Judge